**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: )<br>)<br>American Bridge Products Inc., )<br>)<br>Debtor )<br>_____)<br>Lynne F. Riley, Chapter 7 Trustee )<br>American Bridge Products Inc., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>Nicholas J. Decoulos, Esq., Helen )<br>Decoulos, as beneficiary of the )<br>Willowdale Realty Trust, and )<br>Peter and Paul Decoulos, as joint )<br>trustees of the Willowdale )<br>Realty Trust, )<br>Defendants. )<br>_____) | CHAPTER 7<br>Case No. 96-16620 JNF<br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. |

## **COMPLAINT**

### INTRODUCTORY STATEMENT

1. This is an action to declare that the defendant, Nicholas J. Decoulos ("Decoulos") has a beneficial interest in the Willowdale Realty Trust ("Willowdale Trust" or "Trust") and to reach and apply the assets of the Trust to satisfy a Judgment against Nicholas J. Decoulos for $379,173.79, plus pre and post-judgment interest.

### PARTIES

2. Plaintiff, Lynne Riley, Chapter 7 Trustee for American Bridge Products, Inc., is a judgment creditor of Decoulos.

3. The defendant, Nicholas J. Decoulos ("Decoulos"), resides in Peabody, Essex County, Massachusetts.

4. The defendant Helen Decoulos, ("Helen") resides in Peabody, Essex County, Massachusetts and is the sole beneficiary of the Willowdale Realty Trust.

5. The defendant Paul Decoulos ("Paul") resides in Peabody, Essex County, Massachusetts, and is a co-trustee of the Willowdale Realty Trust.

6. The defendant Peter Decoulos ("Peter") resides in Danvers, Essex County, Massachusetts, and is a co-trustee of the Willowdale Realty Trust.

## STATEMENT OF FACTS

7. Decoulos and Helen have been married since 1954.

8. Decoulos is a lawyer whose office is presently located at 39 Cross Street, Peabody.

9. On September 21, 1961, Decoulos settled the Willowdale Trust.

    a. Decoulos appointed himself as trustee of the Willowdale Trust.

    b. Decoulos named Helen as the sole beneficiary of the Willowdale Trust.

10. The Trust *res* consisted of approximately 9 acres of commercial property on Route 114 in Peabody, Essex County, Massachusetts.

    a. Shortly after Decoulos created the Willowdale Trust, in 1961, Decoulos and Helen transferred jointly owned property into the Trust for no consideration.

    b. Decoulos and Helen purchased the Willowdale Trust property with funds generated from the sale of their previous jointly owned home, which Decoulos purchased with funds generated from his practice of law.

2

    c. Currently, there are two commercial buildings on the Trust property: The first building has two commercial spaces, one leased by Verizon, the other by Mattress Giant. The second building is leased by North Shore Bank.

11. Decoulos amended the Trust on November 22, 1988.

12. The amended Trust expressly provides that "the trustee shall have no power to deal in or with any trust property except as directed in writing by the majority of the beneficiaries."

13. The trustee has repeatedly dealt with the Trust property—developing it, encumbering it, executing leases, etc, and the Trust's beneficiary, Helen, has never executed a written directive.

14. On July 2, 2005 this Court entered Judgment against Decoulos for $379,173.79 in the Adversary Proceeding of *In re American Bridge Products Inc*., Case No. 00-1142.

15. On October 11, 2005, this Court amended the Judgment to include pre-judgment interest.

16. Approximately one year after the entry of Judgment against him, on September 1, 2006, Decoulos caused himself to be removed as the trustee of the Willowdale Trust.

17. Decoulos drafted documents that appointed Paul and Peter, the sons of Helen and Decoulos, as co-trustees.

18. Willowdale Trust is entirely controlled and in fact owned by Decoulos, who, for over 40 years, has maintained all indicia of ownership of the trust, and has treated the trust as his own, including but not limited to:

3

  a. Decoulos negotiates the leases and mortgages for the Willowdale Trust property.

  b. Decoulos personally guaranteed a $1,700,000 mortgage that Willowdale Trust obtained from Danvers Savings Bank.

  c. Anne Marie Walters, who is personally paid by Decoulos and who has worked for him for over forty years as his legal secretary, writes almost all checks for Willowdale Trust.

  d. Decoulos pays numerous expenses, including taxes, of Willowdale Trust from his law practice checking account.

  e. Decoulos reimbursed himself for these payments from the Willowdale Trust, and had set up this co-mingled accounting system "because it was easier." The reimbursements are difficult to track because of inexact accounting by Decoulos.

  f. The Trust receives mail at 39 Cross Street, Decoulos's law office.

  g. The Trust uses the same phone number as Decoulos's law office.

19. Even after Decoulos removed himself as the named trustee of the Willowdale Trust, Decoulos continued to control all aspects of the Trust, including but not limited to:

  a. All mail, including bank statements, for the Willowdale Trust is still sent to Decoulos's law office at 39 Cross Street

  b. If Anne Marie Walters has questions regarding the Trust, she speaks with Decoulos and not the current trustees.

4

    c. All phone calls regarding the Trust are directed to Anne Marie Walters or Decoulos.

    d. Decoulos continues to hold all financial records and accounts for the Trust at his office at 39 Cross Street.

    e. The current trustees, Peter and Paul, do not make decisions concerning the Trust.

    f. Decoulos drafts all legal documents for Willowdale Trust. Decoulos directs Peter and Paul to sign legal documents affecting Willowdale Trust at his office.

20. Decoulos uses Willowdale Trust income to pay for his expenses, including but not limited to:

    a. Decoulos lives in a home which is paid for by Willowdale Trust income. This includes mortgage payments, taxes, home repair, kitchen remodels, etc.

    b. Helen has a credit card issued by Capital One.

    c. Decoulos uses the credit card to pay for household expenses, including food. Willowdale Trust income pays 100% of the Capital One charges.

21. The home that Helen and Decoulos live in was previously owned by the Trust, and now by Helen individually; Decoulos paid for the home with income from his law practice.

22. Decoulos treats the income from the Willowdale Trust as his own income.

23. Willowdale Trust generates significant income:

    a. In 2006, Willowdale Trust generated $295,616.00 in income.

5

    b. In 2005, Willowdale Trust generated $174,344.00 in income.

    c. In 2004, Willowdale Trust generated $125,880.00 in income.

24. Decoulos has failed to satisfy the Judgment against him.

### COUNT I (Declaratory Judgment)

25. Plaintiff incorporates paragraphs 1 through 24 by reference.

26. At all times since the creation of the Willowdale Trust, Decoulos treated the property held in the name of the Willowdale Trust as his own, controlled the Trust property as if it were his own and benefitted from the Trust property as if it were his own.

27. The Willowdale Trust *res* is Decoulos' property and available to satisfy the Judgment.

### COUNT II (Reach and Apply: M.G.L. c. 214 § 3(6))

28. Plaintiff incorporates paragraphs 1 through 27 by reference.

29. Plaintiff is a judgment creditor of the Decoulos.

30. The assets of the Willowdale Trust may be reached and applied to satisfy the Judgment against Decoulos in the Adversary Proceeding of *In re American Bridge Products Inc.*, Case No. 00-1142.

31. Plaintiff has no other remedy at law and there are no other available assets of Decoulos in the Commonwealth of Massachusetts, to the knowledge and belief of the Plaintiff, to satisfy the Judgment against Decoulos.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests the following relief:

6

1. A Declaration that Nicholas J. Decoulos holds an equitable interest in the Willowdale Trust and that the Willowdale Trust *res* is the property of Decoulos.

2. An Order allowing the Plaintiff to reach and apply the assets of the Willowdale Trust to satisfy the outstanding Judgment against Nicholas J. Decoulos.

3. A preliminary and permanent injunction preventing the defendants from distributing, disbursing, encumbering, wasting, alienating or otherwise divesting any interest of the Willowdale Trust.

4. A preliminary and permanent injunction that prevents the trustees of Willowdale Trust and/or Helen Decoulos from making any payments to Nicholas J. Decoulos.

5. An Award of reasonable attorney's fees and costs to the Plaintiff.

        Respectfully submitted,

        LYNNE F. RILEY,
        By her attorneys,

        /s/ Michael L. Altman
        Michael L. Altman, BBO #016800
        Kristen Stathis, BBO# 657232
        Altman Riley Esher, LLP
        100 Franklin Street
        Boston, MA  02110
        (617) 399-7300
        Stathis@are-law.com

Dated: June 19, 2008